Ralston Estate.

Argued March 17, 1966.   Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edwin J. Morrell,* for appellant.

*W. Davis Graham,* with him *Robert M. Carson,* for appellee.

OPINION BY MR. JUSTICE JONES, April 19, 1966:

This appeal requires the construction and interpretation of a holographic will of Sidney S. Ralston, a resident of Westmoreland County, who died January 7, 1963.

In 1951, testatrix, then 58 years of age, had married Robert S. Ralston, then 60 years of age. Ralston had been previously married and had one child and grandchildren. Testatrix had not been previously married and, at the time of her death, in addition to her husband, she was survived by one living brother, Bernard A. Sutton (the present appellant), a niece and a nephew, children of a deceased brother, and a niece, the only child of her living brother.

Testatrix' will contained provisions for her husband, brother, one niece and one nephew, for her church, other churches and charity, and pecuniary be-

quests to certain friends and a disposition of her personal effects and of realty.

The instant controversy arises solely by reason of the first portion of testatrix' will which reads as follows: "The following *bequests* are to be made to Robert S. Ralston the interest on $25,000.00 Trust Fund or enough to make an income of $100 per month, principal at *his* death to be given ½ to West Newton United Presbyterian Church and ½ to my brother, Bernard A. Sutton, 216 N. 25th Ave., Yakima, Wash. Also all of my A.T.&T. Co. stock and 200 shares Duquesne Light Co. Common stock and anything *he* may wish in the house." (Emphasis supplied)

Bernard Sutton (the appellant) claims that, under this clause of the will, he became not only the remainderman of one half of the corpus of the $25,000 trust fund upon the death of Robert Ralston[1] but also the legatee of the A.T.&T. and Duquesne Light Co. stock. The Estate of Robert Ralston takes the position that Ralston became the legatee of such stock.

At the time of audit of the account in this estate, the Orphans' Court of Westmoreland County held that the testatrix' intent was *clearly* shown in the language of the will and that it was testatrix' intent that the disputed stock go to her husband.

Basically, the issue is whether, within the four corners of this will, the intent of the testatrix is demonstrated with clarity and without ambiguity. Appellant contends that it is not and that resort must be had to all the circumstances[2] which surrounded testatrix

---

[1] Ralston, who elected to take under the will, died August 30, 1963.

[2] These circumstances were: testatrix, an astute business woman, had her own separate estate which she had, by her own efforts accumulated and her husband had his own estate sufficient for his needs; by electing to take under the will, even though he could have secured more by taking against the will, the husband acqui-

when she made this will and that, in the light of such circumstances, it was testatrix' intent to bequeath the disputed stock to her brother rather than to her husband.

An examination of the first clause of the will, supra, reveals clearly and unambiguously that which testatrix intended. Resort need not be had to any extrinsic circumstances for the language which the testatrix employed in this portion of the will portrays vividly what she intended. In the first place, testatrix expressly states that she was making for her husband not a *bequest* in the singular but *bequests* in the plural. She then provided for the first of such *bequests,* i.e., a life estate in a $25,000 trust fund with an assurance of a minimum of $100 monthly during his life. After outlining the terms of such trust generally, testatrix then significantly states "also", i.e., in the sense of "in addition to", she makes other bequests which consist of all her owned stock of A.T.&T. Co. and 200 owned shares of Duquesne Light Co. The word "also" carries out the intent implicit in the use of the words *bequests* in the plural rather than the singular to be made to testatrix' husband. Such bequests are followed by another bequest described in the clause "and anything *he* may wish in the house". To whom does the pronoun "he" refer? In describing the trust fund

esced in a distribution by testatrix of the bulk of her estate to her own family as distinguished from the husband's family; that the testamentary scheme of distribution indicates that testatrix was attempting to *equally* provide for the family of her living brother and the family of her deceased brother; that the will provides for bequests approximating $32,000 to the family of the deceased brother but, under the court's interpretation, the living brother, Bernard, would receive only $12,500 and Bernard's daughter, who was testatrix' namesake, would receive pearls worth only $150; that to accept the interpretation of the court would cause great disparity in the provisions made by testatrix among the members of her own family.

terms testatrix provided that the event upon which the remainder interests in the fund would arise should be *"his* death" and such use of *"his"* unequivocally refers to testatrix' husband and not her brother; otherwise the clause would not make sense. When later on testatrix employs the pronoun "he" in referring to the person who is to take "anything in the house", testatrix employs the pronoun "he" to refer to that person to whom she made reference by the words *"his* death". The use of the word *bequests* in the plural, the several pronouns and the word "also" renders clear beyond any question that the testatrix intended to provide for four bequests to her husband: (1) a life interest in the trust fund with a guaranteed minimum of $100 monthly; (2) all the common stock of A.T.&T. Co.; (3) 200 shares of the Duquesne Light Co.; (4) anything in testatrix' house which the husband wished.[3]

The court below properly construed this provision of the will.

Decree affirmed. Appellant pay costs.

---

[3] Appellant concedes that, even under the court's interpretation, the husband received less than he would have received had he elected to take against the will.